(112 App. Div. 18)

### STEINWAY v. STEINWAY et al.

(Supreme Court, Appellate Division, First Department. March 16, 1906.)

TRUSTS—MANAGEMENT OF ESTATE—EXPENSES—LIABILITY.

> Testator gave corporate shares to trustees for the benefit of persons named, directing that an annual sum, representing an income of 5 per cent. per annum on the shares, should be paid to them equally until a specified date, when the shares should be divided among them. The will provided that the excess of 5 per cent. should be retained by the trustees as compensation for the management of the shares, which excess should be annually divided pro rata among them. *Held*, that the expenses incurred by the trustees in defending a suit attacking the validity of the trust was not chargeable against the amount of the excess of income above 5 per cent. fixed as compensation for the trustees.
>
> [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, §§ 324, 377.]
>
> Houghton, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Henry W. T. Steinway against Charles H. Steinway and others, individually, and as surviving executors and trustees of Charles F. T. Steinway, deceased. From a judgment entered on the report of a referee, defendants appeal. Modified.

See 79 N. Y. Supp. 541.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGH-LIN, CLARKE, and HOUGHTON, JJ.

John Delahunty, for appellants.
Edward B. Hill, for respondent.

INGRAHAM, J. I agree with the learned referee, except in relation to the expenses incurred by the trustees in defending an ac-

tion brought by the plaintiff to declare the trust under which the defendants, the executors of Christian Frederick Theodore Steinway, deceased, held this property invalid. The clause of the will establishing this trust provided that one-fourth of the shares of the testator in the Steinway & Son corporation was given to the trustees for the benefit of the three sons of the testator's brother, Charles Steinway, namely, Henry W. T. Steinway, plaintiff, Charles H. Steinway, and Frederick Steinway, of the city of New York, and there was to be paid to them in equal proportions an annual sum, representing an income of 5 per centum upon said shares, until the 1st day of January, 1904, when the shares were to be divided between the three beneficiaries. The will then provided:

"The excess of the annual income of such shares in the Steinway & Sons' corporation, New York, over and above said five per centum, shall be retained by my executors and trustees hereinafter named, as their compensation for the management of such shares, and such excess shall be annually divided pro rata among them or their successors until January 1, 1904."

This will was admitted to probate on the 24th day of May, 1889. The referee found that in the month of May, 1903, the plaintiff brought an action in the Supreme Court of this state against the defendant trustees and others for the purpose of having declared void the thirty-third clause of the will, to which attention has been called, which clause created the trust involved in this action. This action was decided in favor of the plaintiff at the Special Term, and said trust was declared invalid; but this determination was reversed by the Appellate Division (48 N. Y. Supp. 1046), and the complaint dismissed, which was affirmed by the Court of Appeals (57 N. E. 312); that court holding that the trust was valid. The referee further found that the amount paid by the trustees in defending said suit, for counsel fees and expenses, amounted to the sum of $39,719.11, and the only question about which I have any doubt is as to by whom this sum should be paid.

It is conceded that it was the duty of the trustees to defend this trust, and it is clear that they were entitled to be reimbursed their reasonable and proper expenses in so doing. I think this amount should be paid out of the corpus of the trust property. By the agreed statement of facts, upon which the question was submitted to the referee, it is stated that on January 2, 1904, the trust under the will of C. F. Theodore Steinway having come to an end, the trustees distributed and transferred the shares forming the principal of the trust funds, and transferred to the plaintiff 333 shares of the capital stock of Steinway & Sons, of which he is now, and ever since has been, the owner and holder; that the trustees have in their hands the amount due to the plaintiff for his share of the 5 per cent. on the capital stock of the Steinway & Co. corporation, they having deducted therefrom the sum of $3,308.93, which the trustees deducted and charged to the plaintiff as his proportionate share of their expenses in defending said suit brought by the plaintiff to have the trust declared invalid; and that the total amount paid by said trustees in defending said suit, for counsel fees and expenses, amounted to the sum of $39,719.11. Before this stipulation was presented to the referee, the question as to the liability for the expenses of this litigation was submitted to him; the parties

stipulating that the amount of the excess of income from the trust property, over and above the 5 per cent. paid to the beneficiaries, was more than sufficient to pay the expenses incurred in defending the attack upon the validity of the trust. The learned referee held that the expense of this litigation was not chargeable to the income to which the beneficiaries were entitled, but was chargeable against the balance of the income remaining in the hands of the trustees after the payment of the 5 per cent. to the beneficiaries. In the referee's opinion it is stated that it was admitted on both sides that the reimbursement for these expenses is to be paid out of the income, and not out of the principal of the trust property. I do not find any such stipulation in the agreed statement of facts. It was agreed in the stipulation that the amount that was due to the plaintiff upon the termination of the trust was something over $12,000 for income, and 333 shares of this stock as principal. The executors, apparently with the consent of all the beneficiaries with the exception of the plaintiff, had deducted the amount paid in defending the action attacking the trust from the 5 per cent. income to which the beneficiaries were entitled. The plaintiff had refused to receive this income, and it remained in the hands of the trustees. At the termination of the trust, they then delivered to him the stock of the Steinway corporation, but had retained in their hands the income. I think it clear that these expenses were not to be paid out the amount received by the trustees under the will as the compensation for the management of these shares. If the testator had made no provision as to the compensation of the trustees, they would have been entitled to receive the legal fees which are allowed to trustees for the managment of the trust. Under no circumstances would the necessary expenses of defending the trust be payable out of such compensation. In lieu of the compensation fixed by law for trustees, the testator in his will provided for their compensation; and the trustees having accepted the trust, they were confined to the compensation fixed by the will in lieu of the fees allowed by law for their services as trustees. If this stock which was the sole property of the trust estate had paid 5 per cent. or less as dividends during the trust, the trustees would have received nothing for their services. They were bound to defend the trust, bound to retain lawyers, and to pay the necessary disbursements, and upon no principle is this expense, which it was their duty to incur, and for which they would have been responsible if they had failed to incur, for the protection of the trust, to be paid out of the compensation that the testator expressly directed that they should receive for their management of the trust. If these dividends had equaled 5 per cent. on the stock during the term of the trust, and no more, certainly the executors would not have been required themselves to pay the expense of defending the trust. The fact that the dividends exceeded 5 per cent. on the stock, so that the executors were paid for their services in managing the property as contemplated by the testator, is no reason why this compensation, which he intended should be paid to them for such services, should be reduced because of the proper performance of the duties imposed upon them as trustees. The parties having stipulated that the expenses of this obligation should be borne either by the beneficiaries or the

trustees, as between the beneficiaries and the trustees, I think the beneficiaries should pay the expenses.

The question as to the amount of the compensation that the trustees actually received is entirely immaterial. If the views of the learned referee are to prevail, they were bound to defend the trust, and to incur the expense necessary for that purpose. Yet, if there had been no income applicable to the payment of their compensation, they would under this ruling have been required to pay them this amount personally. As I look at it, it could make no possible difference what the dividends declared upon these bonds were during the period. The beneficiaries were the ones to be benefited by the services performed by the trustees, and, as between the beneficiaries and the trustees, upon the interest of the beneficiaries in the trust property must fall the expense of maintaining the trust. The testator expressly provided that the excess of income was to be paid to the trustees "as their compensation for the management of such shares, and such excess shall be annually divided pro rata among them, or their successors, until January 1, 1904." There was to be thus an annual division of the excess when the amount divided would belong to the trustees, and it seems to me that it would be contrary to this declared intention of the testator that this compensation, which was to be paid to them for their services in the management of the trust, should be depleted by the necessary expenses incurred by them in the performance of their trust.

I think the judgment appealed from should be modified, so that as between the trustees and the plaintiff and the interest of the plaintiff in the trust was chargeable with the proportion of the expense of the litigation, with costs to the trustees against the plaintiff.

Judgment affirmed, without costs. All concur, except HOUGHTON, J., who dissents.

O'BRIEN, P. J. (concurring). The expenditure for the defense of the former suit is not of a kind to bring it within the expenses of "management" for which the gift of the excess income was made to the defendants. It is equally evident that it is not properly a charge upon the annual income given to the beneficiaries. The proper method of reimburing the trustees, it being admitted that they should be reimbursed, would have been to have paid these expenses out of the corpus of the trust. This would have required a sale of enough shares to pay the amount. This all the parties agreed should not be done, all being interested, evidently, in keeping the shares in the family, and so it was agreed that the expenses should be paid out of the income. It being so agreed between the parties that payment should not be made out of the corpus, the question of whether it should be paid out of the income payable to the beneficiaries, or the excess income, which was payable to the trustees, must be determined on equitable principles.

It is admitted that the excess income is more than sufficient to defray all the expenses of defending the former suit, and so payment out of the gross income will be virtually a payment out of the excess income given to the trustees. If, however, the payment is made out of the income given to the beneficiaries, while this is not in accordance

with the terms of the trust, a result is reached which is more nearly like that which would have been effected if payment had been made out of the corpus. The beneficiaries of the annual income of 5 per centum are the ultimate donees of the trust shares. By payment out of the corpus, they would, in the first instance, therefore, have borne the entire burden. The excess income thereafter due the trustees would have been only slightly diminished by the sale of some of the shares to cover payment of these expenses, and the annual income of the beneficiaries would have been correspondingly diminished, as the gift to them was 5 per centum on the par value of the trust shares annually. As the burden should properly have fallen upon the beneficiaries, it seems more in accordance with equity that they should bear the burden out of their annual income under the trust (it being agreed that the payment should be out of income rather than corpus) than that the burden should fall upon the trustees, who were obliged to defend their trust, and who for the good of all entered into this agreement for the preservation of the trust shares intact.

McLAUGHLIN, J., concurs.

HOUGHTON, J. (dissenting). All parties to this appeal concede the general rule that the expenses incurred by trustees in defending a trust, are payable out of the corpus of the estate. The parties hereto, however, all desired that the corpus of the trust involved should be relieved from the payment of the large expenses incurred in defending it. The only issue between the plaintiff and the defendants was whether that expense should be paid out of the 5 per cent. which the cestuis que trust were to receive annually, or out of the large surplus of dividends arising from the stock held in trust. The issue tendered to the referee by the parties (the defendants by their account, which charged the 5 per cent. with these expenses, and the contesting allegations of plaintiff thereto, which alleged that these expenses should be paid out of that part of the general income which went to the trustees individually, and were not chargeable against any beneficiary receiving but 5 per cent.) did not involve the question whether the corpus of the fund should pay the expenses, but only which fund of income should be chargeable with them. The parties selected their own issue, and narrowed it to this simple question. I do not think the court should strive to fasten these expenses upon the 5 per cent. fund simply because the corpus eventually passed to the same persons who received the 5 per cent. per annum. The referee decided as between these two funds, both made up of income, that the larger surplus fund, which went to the trustees individually, should bear these expenses, rather than the 5 per cent., which was in the nature of an annuity, payable to the cestuis que trust annually. I think he was right in so holding. The fair interpretation of the trust provision made by the testator in his will was that the 5 per cent. should be practically an annuity. The testator must have known that the stock which he was placing in trust by his will paid much more than 5 per cent. annually, for about the time of his death a dividend of 15 per cent. was declared thereon. If this 5 per cent. is to be treated as a simple annuity, from anything that appears

in the record the annuitants cannot be made to pay the expense of defending the trust. They had a right to attack the trust, as well as the defendants had a right to defend it. The annuitants, although defeated, were not punished by even having the taxable costs of that action charged against them personally, but such costs were directed to be paid "out of the income of the fund." Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312.

I concede that it is straining the language giving to the trustees individually the excess of annual income over 5 per centum "as their compensation for the management of such shares, and such excess," to say that the testator meant they should pay all expenses connected with administration out of such excess. On the other hand, it cannot be said that the testator intended that the 5 per cent. should be chargeable with such expenses. The defendants having voluntarily eliminated the corpus of the fund from bearing such expenses, there remains only the surplus of income from which it can be paid; and, as between the two, I think that fund which went to the trustees for managing the estate should be charged with it.

All concur in the view that the other questions raised were promptly disposed of by the referee, and I think the judgment should be affirmed without any modification.